# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAURICE STROMAN,** | : | CIVIL ACTION NO. 1:16-CV-2543 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN WETZEL,** *et al.*, | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Maurice Stroman ("Stroman"), an inmate who, at all relevant times, was housed at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Stroman names as defendants Secretary Wetzel, Superintendent Tice, Lieutenant Eberling, and Corrections Officer Hemcher. (Id.) Stroman alleges that defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution when oleoresin capsicum ("OC") spray was released on his housing block, traveled through the air ventilation system, entered Stroman's cell, and caused him to suffer an asthma attack and lose consciousness.

Defendants filed a motion to dismiss or, in the alternative, for summary judgment, along with a supporting brief on April 4, 2017. (Docs. 19, 20). The motion is fully briefed. (Docs. 26-28). While the motion to dismiss was pending, Stroman filed the instant motion (Doc. 29) for leave to amend his complaint. The proposed amended complaint is based on the same factual allegations as Stroman's original complaint, but raises claims under the First, Eighth, and Fourteenth Amendments,

as well as a claim of defamation. (Doc. 29-1). For the reasons that follow, the court will grant in part and deny in part the motion to amend.

**I.      Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days of serving it, or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). In all other circumstances, a party may amend its pleading only with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(2). Rule 15 embodies a liberal approach to amendment and specifies that "leave shall be freely given when justice so requires." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990); FED. R. CIV. P. 15(a)(1)(2). "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." Katzenmoyer v. City of Reading, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); see Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003) (explaining that a plaintiff must show that the elements of Rule 15(c) are met to change the party or the naming of the party against whom claims are asserted).

"The policy favoring liberal amendment of pleadings is not, however, unbounded." Dole, 921 F.2d at 487. Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

2

**II. Discussion**

On December 27, 2016, Stroman filed his original complaint. (Doc. 1). On April 4, 2017, defendants filed their motion to dismiss or, in the alternative, for summary judgment, together with a supporting brief. (Docs. 19-20). Stroman did not move for leave to amend his complaint until October 5, 2017, well past the time period allotted for filing an amended complaint as a matter of course. (Doc. 29). Stroman has not obtained the opposing parties' written consent to amend. (See Doc. Thus, Stroman is required to request leave of court to file such a pleading. See FED. R. CIV. P. 15(a)(2).

In the proposed amended complaint, Stroman seeks to raise claims under the First, Eighth, and Fourteenth Amendments, as well as a claim of defamation. (Doc. 29-1). Defendants oppose Stroman's request to amend and argue that the proposed amendment is both futile and prejudicial. (Doc. 31). Prejudice may result under Rule 15(a) when a proposed amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). A court measuring futility should deny leave to amend if the proposed alteration is frivolous or advances a claim or defense that is legally insufficient on its face such that the claim "would not withstand a motion to dismiss." Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983). Leave to amend should be granted unless equitable considerations render it otherwise unjust. Arthur v. Maersk Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citations omitted).

Stroman has not acted with dilatory motive or repeated and unjustified failures to amend. Instead, Stroman has been fairly diligent in the prosecution of his case. He asserts that the proposed amendment corrects deficiencies in the original complaint and sets forth claims he attempted to raise in the original complaint. Stroman's request to amend does not appear to be motivated by some improper purpose such as purposeful delay or bad faith, and his delay cannot be considered undue. Additionally, Stroman's proposed amendment contains the same substantive claims as those set forth in his original complaint. Because the proposed amendments to the complaint do not affect the substance of the alleged actions in the complaint, defendants would not be prejudiced by amendment because it would not force them to change any potential defenses. Defendants acknowledge that they would likely file a new dispositive motion on the same grounds as their pending, partially dispositive motion. (Doc. 31 at 8). Therefore, the court finds that granting Stroman leave to amend would not result in undue prejudice to any of the defendants.

Concerning timeliness, Stroman appears to argue that his proposed amendment does not violate the statute of limitations because the amendment would relate back to the original timely filed complaint under Federal Rule of Civil Procedure 15(c)(1)(B). (Doc. 34 at 3). The applicable limitations period in this case, a § 1983 action, is Pennsylvania's two-year statute of limitations for personal injury claims. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); 42 PA. CONS. STAT. § 5524.

Stroman filed his original complaint on December 27, 2016. The incidents which form the basis for Stroman's claims allegedly occurred on August 27, 2015 and April 10, 2016. Stroman signed and dated the instant motion on October 1, 2017, slightly more than one month after the statute of limitations expired for the August 27, 2015 incident. Because Stroman seeks to add new claims against existing parties, Rule15(c)(1)(B) requires that the new claim arise out of the same "conduct, transaction, or occurrence" that gave rise to the claims in the original pleading. FED. R. CIV. P. 15(c)(1)(B). The claims set forth in the proposed amended complaint clearly arise out of the same conduct set forth in the original complaint. Thus, the court finds that the proposed amendment of Stroman's complaint relates back to December 27, 2016, the date the original complaint was filed.

The court will grant Stroman's motion to the extent he seeks to amend his constitutional claims brought pursuant to 42 U.S.C. § 1983. We will deny the motion, however, to the extent Stroman seeks to assert a new state law claim for defamation against defendant Eberling. (Doc. 29-1 ¶ 30). As a preliminary matter, defendants correctly note that statutory sovereign immunity generally insulates Commonwealth employees from tort liability. 42 PA. CONS. STAT. § 8501 *et seq.*; (see also Doc. 31 at 5-6). None of the enumerated exceptions to sovereign immunity are implicated here.[1] See 42 PA. CONS. STAT. § 8522(b). Stroman attempts to overcome sovereign immunity by asserting broadly that Eberling acted "outside of his official

---

[1] Stroman cites to the "potholes and other dangerous conditions" exception to sovereign immunity. (Doc. 34 at 5). That exception is plainly inapplicable in this case.

duties," (Doc. 34 at 4-5), but the amended complaint offers no facts substantiating this cursory allegation. (See Doc. 29-1 ¶ 30). Assuming *arguendo* that Stroman could surmount sovereign immunity, he provides no allegations supporting the substance of his defamation claim. (See id.) We will accordingly deny leave to amend as to Stroman's proposed state law defamation claim

### III. Conclusion

Based on the foregoing, the court will grant in party and deny in part Stroman's motion for leave to amend. An appropriate order shall issue.

/S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      March 6, 2018